UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SERGIO GOMEZ ROMERO,<br><br>            Petitioner,<br><br>    v.<br><br>CAMILLA WAMSLEY, *et al.*,<br><br>            Respondents. | Case No. C25-2207-JHC-MLP<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

Petitioner Sergio Gomez Romero seeks habeas relief under 28 U.S.C. § 2241, challenging his detention as a violation of due process. (Dkt. # 1.) Respondents filed a return (dkt. # 7), and Petitioner filed a response (dkt. # 10). Respondents did not file a reply. For the reasons below, this Court recommends granting the petition (dkt. # 1), ordering Petitioner's immediate release, and barring re-detention without a bond determination hearing before a neutral decisionmaker.

## II.    BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States as an infant in approximately 1990. (Dkt. # 1, ¶¶ 1, 22-23.) He was detained by Immigration Customs and Enforcement ("ICE") in 2011 but released the same day on a $5,000 bond. (Dkt. # 8, Exs. A-C.)

REPORT AND RECOMMENDATION - 1

1   His removal proceedings were administratively closed in 2014, and his bond was canceled. (*Id.*,
2   Ex. D.)
3       On November 4, 2025, ICE detained Petitioner pursuant to an administrative warrant.
4   (Dkt. # 8, Exs. E-F.) The government then moved to re-calendar his case, and an immigration
5   judge granted the request on November 10, 2025. (Dkt. # 9, ¶ 14.) Accordingly, Petitioner was
6   transferred to Tacoma Immigration Court, with a master calendar hearing scheduled for
7   December 15, 2025. (*Id.*, ¶ 16.)
8       Petitioner filed this habeas petition on November 5, 2025, arguing that his detention
9   violates due process and seeking release and pre-deprivation procedural protections against
10  future detention. (Dkt. # 1.)

### III.  DISCUSSION

#### A.  Legal Standard

Federal courts may grant habeas relief under 28 U.S.C. § 2241(c)(3) if custody violates the Constitution or federal law. Petitioner contends his detention violates the Fifth Amendment's Due Process Clause (dkt. ## 1 at 7-10; 10 at 2-4), which protects all persons within the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process requires that individuals be afforded meaningful notice and an opportunity to be heard before deprivation of a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention contexts. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) (collecting cases). The test weighs (1) the private interest affected; (2) the risk of erroneous deprivation under current

procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Mathews*, 424 U.S. at 335.

### B. Application of Mathews Factors

#### 1. *Private Interest*

Petitioner's release on bond in 2011 established a protected liberty interest in his continued freedom. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025). His arrest and detention after over a decade of liberty constitute a significant deprivation. This factor favors Petitioner.

#### 2. *Risk of Erroneous Deprivation*

Respondents argue Petitioner, as an applicant for admission, lacked statutory entitlement to a pre-detention hearing. (Dkt. # 7 at 4.) However, due process requirements operate independently of statutory schemes. *Vargas v. Jennings*, 2020 WL 5517277, at *2 (N.D. Cal. Sept. 14, 2020). The government's authority to detain noncitizens remains subject to constitutional constraints. *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation. This factor favors Petitioner.

#### 3. *Government Countervailing Interest*

Respondents have not articulated a compelling or immediate governmental interest justifying Petitioner's detention without a hearing. (*See generally* dkt. # 7.) Consistent with other courts in this district, this Court finds that "the Government's interest in re-detaining non-citizens previously released without a hearing is low." *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025).

Two factors heavily favor Petitioner, while one slightly favors the government. In sum, the *Mathews* factors weigh strongly in Petitioner's favor. His detention without a pre-deprivation bond hearing violates due process, and immediate release is the appropriate remedy. This conclusion aligns with other rulings from district courts across this Circuit. *See, e.g.*, *Ledesma Gonzalez*, 2025 WL 2841574, at *7-9 (ordering immediate release due to lack of pre-deprivation hearing); *Kumar v. Wamsley*, 2025 WL 2677089, at *6 (W.D. Wash. Sept. 17, 2025) (same); *Ramirez Tesara v. Wamsley*, 2025 WL 2637663, at *3-4 (W.D. Wash. Sept. 12, 2025) (same). Respondents' perfunctory statement that they "respectfully disagree with those decisions" (dkt. # 7 at 4-5) provides no reasoned distinction or legal basis to depart from this well-established line of authority.

## IV.   CONCLUSION

For the foregoing reasons, this Court recommends granting the petition (dkt. # 1), ordering Petitioner's immediate release, and enjoining Respondents from re-detaining him without a prior bond determination hearing before a neutral decisionmaker. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 29, 2025**.

The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this <u>8th</u> day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge